## 19277

**Tom O. TEAGUE, Respondent, v. M. Lanham WORKMAN, Appellant**
(183 S. E. (2d) 340)

*Roy McBee Smith, Esq.,* of Spartanburg, *for Respond-ent-Appellant,*

*Charles E. Sanders, Esq., Moore, Stoddard & Sanders,* of Spartanburg, *for Petitioner-Respondent.*

August 24, 1971.

BRAILSFORD, Justice.

This is an action to wind up the partnership affairs of Tom O. Teague and M. Lanham Workman, who, as partners, operated a dry cleaning business in Woodruff, South Carolina, from June 1, 1950, until June 23, 1968, under the trade name of Workman Dry Cleaners. Workman owned a three-fourths interest and received $150.00 per month as rent for the building in which the business was conducted. Teague was the working partner and received a salary for his services. The Articles of Partnership provided that it should continue for four years and thereafter until either partner should give to the other sixty days' notice of dissolution. Upon termination, each partner agreed to account to the other and to divide all assets, one-fourth to Teague and three-fourths to Workman.

On May 16, 1968, Teague gave notice of his intention to terminate the partnership, and, on June 23, he quit the business, taking with him $643.28, representing one-fourth of the partnership bank balance on that day. On August 5, Teague opened a new business with five former employees of Workman Dry Cleaners on his staff. At about the time of the opening of his new business, Teague went to Workman Dry Cleaners and engaged another employee in conversation. Workman ordered him from the premises and has since excluded him therefrom.

In August, 1969, Teague commenced this action for an accounting and division of partnership assets, as provided by the 1950 contract. The complaint incorporated an inventory of partnership assets, styled "Accounting," totaling $17,266.85. By a separate paragraph, reference was made to cash on hand as of July 23, 1968, and Teague's withdrawal of one-fourth of it. The complaint alleged that Workman "has disposed of assets of the partnership" without accounting therefor. The prayer of the complaint was that Workman be required to account and to pay to Teague $4,316.71, allegedly the value of one-fourth of the assets.

The answer alleged that Teague "is only entitled to a one-fourth division in kind of the partnership * * * property, less offsets as alleged in this Answer." The offsets referred to are a claim for compensation for services as liquidating partner (apparently not pressed), cash withdrawn by Teague, and one-fourth of rent for building at contract rate for approximately one year, while partnership property remained therein.

The action was referred to the Master in Equity for Spartanburg County. The Master filed a cursory report in which he made no findings of fact as to controverted matters and made no effort to state the account between the partners. He simply recommended as "the most amicable manner of settling this" that five specified items of partnership property be allotted to Teague, who should pay $350.00 to Workman, and that the remaining partnership property be allotted to Workman. If, but only if, Teague, after inspection, elects to accept the five items allotted to him on these conditions, all claims between the partners will be thereby settled. Otherwise, all partnership assets shall be sold at public auction and the proceeds divided, one-fourth to Teague and three-fourths to Workman. But, in this event, Workman "shall account for any property that he has sold or disposed of since the termination of the partnership." The report also recommended that costs be taxed, one-fourth to Teague and three-fourths to Workman.

Workman filed exceptions to the report by which he challenged the Master's failure to hold Teague accountable for the money withdrawn by him upon quitting the business, his failure to consider Workman's claim for rent, his failure to make any findings as to values or to state any basis for his recommended division of assets, and his recommended assessment of costs. He also challenged the unilateral option bestowed upon Teague to accept or reject the recommended division as final settlement between the former partners.

In adopting the Master's recommendations *in toto,* the only reference made to the exceptions by the circuit judge was to acknowledge that they had been argued before him by counsel. Workman has appealed to this court on exceptions of like tenor to those presented below.

It was error plain on the record for the Master to ▮▮ fashion a division of the partnership property (without any supportive findings) to be implemented as a final settlement of partnership affairs, or not, at the pleasure of one party. The alternative disposition ordered by the court—the sale of assets and ratable division of the proceeds—cannot be accomplished until an account between the parties has been stated, which is of the essence of this action to settle and wind up the affairs of the partnership. The action will be remanded for this purpose. In stating the account, Teague will, of course, be charged with the sum withdrawn by him from the firm's bank account on June 23, 1968, and Workman will be charged with the balance coming into his possession on that date. We are unable to determine from the record on appeal whether Workman is entitled to credit for any rent after June 23, 1968, and his claim in this respect will be passed upon by the circuit court on remand.

The remaining exception challenges the assessment of costs. The assessment heretofore made was premature. It

falls with reversal of the order appealed from, and the assessment of costs will be considered anew by the circuit court.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.